STATE OF MONTANA,
Plaintiff,

NO. DC 94-90

vs.

DECISION

Bethany Lee Long,
Defendant.

O n March 8, 1995, the court ordered that the defendant shall be punished by confinement in the Women's Correctional Facility for a term of ten (10) years on Count I, with three (3) years suspended; for a term of five (5) years on Count II, with all suspended; and for a term of five (5) years on Count III, with all suspended. The sentence imposed on Count III shall run consecutive to the sentence imposed on Count II. The sentences imposed on Counts II and III shall run consecutive to the sentence imposed on Count I, for a total sentence of twenty (20) years, with thirteen (13) years suspended. The defendant shall receive credit for time served on these offenses, which as of the date of this Judgment totals thirty-nine (39) days. The Court as this time does not make a designation of the defendant as a dangerous or non-dangerous offender for purposes of parole eligibility. The Court specifically reserves the right under MCA 46-18-404(4) to make a determination of whether the defendant is a dangerous or non-dangerous offender at the time of a revocation of suspended sentence and reserves the right under MCA 46-18-202 to impose the restriction that the defendant be ineligible for parole while serving her term in the event that the defendant violates any condition of probation which results in revocation of her suspended sentence. The Court further orders that the suspended portion of the sentence shall be upon conditions as stated in the March 8, 1995 judgment, and the Court reserves the right to impose additional conditions of probation. The Court further orders that the defendant shall pay to the Lake County Drug Fund the sum of Five Hundred Dollars ($500.00) on Count I, the sum of Five Hundred Dollars ($500.00) on Count II, and the sum of Five Hundred Dollars ($500.00) on Count III. The Court further orders that the defendant shall pay surcharges of Fifty Dollars ($50.00) on Count I, Fifty Dollars ($50.00) on Count II, and Fifty Dollars ($50.00) on Count III, as required by law. The Court further orders that the defendant shall pay the mandated supervisory fee of One Hundred Twenty Dollars ($120.00) per year, prorated at Ten Dollars ($10.00) per month, for the number of months under supervision. Payments on the fee shall be made in the amount of Thirty Dollars ($30.00) per quarter to the Clerk of the District Court. The Court further orders that the drug fund fines and surcharges shall be paid to

the Clerk of the District Court in monthly payments as determined by her probation officer, which payments shall commence thirty (30) days after the defendant's release from the Women's Correctional Facility.

On April 10, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to a two (2) year deferred sentence for each of the three counts, to run consecutive plus credit for time served.

Reasons for the amendment are: (1) No prior record. (2) The defendant was in college at the time of sentencing and was doing well. (3) The defendant has a good work history. (4) The sentence originally imposed is excessive compared to other sentences around the state for similar offenses, that is, selling less than ½ ounce of marijuana. (5) The record available to this division does not show that the Court considered the criteria found in §46-18-225, M.C.A, for sentencing nonviolent offenders.

Done in open Court this 10th day of April, 1998.

DATED this 17th day of April, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank Bethany Lee Long for representing herself in this matter.